### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARD GARCIA**, | : | **CIVIL NO. 1:14-CV-2288** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **L. HARRY**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254 (Doc. 1)[1], filed by petitioner Gerard Garcia ("Garcia"), a former

inmate incarcerated at the State Correctional Institution, Camp Hill, Pennsylvania.

Garcia claims that respondents failed to honor the sentencing judge's order that

awarded him credit for time served, and ordered that his sentences run

concurrently.  (Doc. 1, at 6-7).  For relief, Garcia seeks an "immediate release order,

and or at the very least, order of release upon parole".  (Id. at 8).  For the reasons set

forth below, the petition will be dismissed as moot.

---

[1] Although Garcia invoked 28 U.S.C. § 2241 in requesting habeas relief, at the time he filed the instant petition, he was in custody pursuant to a state court judgment, and challenged the calculation of his sentence.  Therefore, § 2254 is the proper avenue for him to seek relief.  See DeVaughn v. Dodrill, 145 F. App'x 392, 294 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.") (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)).

I.    **Background**

Garcia has a lengthy criminal history spanning several years.  On

November 23, 1994, Garcia was charged with robbery.  Commonwealth v. Garcia,

Docket Number CP-22-CR-0001162-1994.[2]

On February 18, 2004, Garcia was arrested and charged with providing false

identification to law enforcement, and violating the statute related to turning

movements and required signals.  Commonwealth v. Garcia, Docket Number CP-

22-CR-0001038-2004.  On June 14, 2004, Garcia entered a plea of guilty to both

charges.  (Id. at 4).  He was sentenced to a term of imprisonment of one to twelve

months, with credit for time served.  (Id.)  At the expiration of his sentence, Garcia

was to be immediately released to the Pennsylvania Board of Probation and Parole

(the "Board") on a detainer.  (Id.)  On November 25, 2008, Garcia was released from

custody on conditional parole.  (Doc. 10-3, Order to Cancel Warrant to Commit and

Detain).  As part of the conditions of his parole, Garcia specifically agreed not to

consume alcohol.  (Doc. 10-4, Notice of Charges and Hearings).

On May 17, 2009, Garcia was arrested and charged with accidents involving

death or personal injury; DUI: highest rate of alcohol, first offense; DUI: general

impairment/incapable of driving safely, first offense; driving while operating

privilege suspended or revoked; careless driving; failure to stop and render aid;

and, operating a vehicle without valid inspection.  Commonwealth v. Garcia, Docket

Number CP-22-CR-0002698-2009.  Also on May 17, 2009, the Board issued a warrant

---

[2] The court takes judicial notice of the dockets sheets available through
Pennsylvania's Unified Judicial Docket System, docket research available at
https://ujsportal.pacourts.us/.

for Garcia's detention based on the violation of his parole.  (Doc. 10-5, Warrrant to Commit and Detain).

A Board hearing was held in July 2009, wherein Garcia admitted to violating the condition of his parole regarding alcohol consumption.  (Doc. 10-6, Notice of Board Decision).  The Board therefore found that Garcia violated the conditions of his parole and issued an order recommitting him as a technical parole violator to serve six months backtime.  (Doc. 10-6, Notice of Board Decision; Doc. 10-7, Order to Recommit).  The Board recalculated Garcia's parole violation maximum date as August 3, 2011.  (Id.)

At a sentencing hearing on October 12, 2009, the charge of careless driving was withdrawn and Garcia plead guilty to the remaining charges.  (Doc. 10-8, Guilty Plea and Sentencing Transcript).  On count one, accidents involving death or personal injury, Garcia was sentenced to a term of imprisonment of three to twenty-four months, with credit for time served of twenty-six days.  (Doc. 10-9, Sentencing Order; Doc. 10-10, Court Commitment).  On count two, DUI: highest rate of alcohol, Garcia was sentenced to a term of imprisonment of three days to six months, to run concurrent with count one.  (Id.)  Count three merged with count two, and Garcia was ordered to pay fines on counts four, six, and seven. (Id.).

On January 13, 2010, the Board rendered a decision to recommit Garcia as a convicted parole violator.  (Doc. 10-11, Order to Recommit).  The Board ordered Garcia to serve six months backtime, to run concurrently with the six months backtime ordered as a technical parole violator.  (Doc. 10-11, Order to Recommit; Doc. 10-12, Notice of Board Decision).  The Board recalculated Garcia's parole

3

violation maximum date as November 18, 2014.  (Doc. 10-11, Order to Recommit).

Garcia was given credit for time served of 122 days. (Id.)

In the instant petition, Garcia claims that, pursuant to his criminal

sentencing order, he was to receive credit for time served, and his maximum

sentence expired on approximately September 7, 2011.  (Doc. 1, at 6-7).  Garcia

further claims that his criminal sentence and parole backtime should have been

served concurrently.  (Id.)  He requests immediate release, or release on parole.  (Id.

at 8).

Since the filing of the instant action, Garcia has been paroled and released

from custody.  See Victim Information and Notification Everyday, available at

https://www.vinelink.com/.

## II.    Discussion

Article III of the Constitution provides that the "judicial power shall extend

to. . . cases. . . [and] to controversies."  U.S. Const. Art. III, § 2.  This grant of

authority embodies a fundamental limitation restricting the federal courts to the

adjudication of "actual, ongoing cases or controversies."  Khodara Envtl., Inc. v.

Beckman, 237 F.3d 186, 193 (3d Cir. 2001).  The mootness doctrine is centrally

concerned with the court's ability to grant effective relief.  "If developments occur

during the course of adjudication that eliminate a plaintiff's personal stake in the

outcome of a suit or prevent a court from being able to grant the requested relief,

the case must be dismissed as moot."  Blanciak v. Allegheny Ludlum Corp., 77 F.3d

690, 698-99 (3d Cir. 1996).  "Moreover, the requirement that an action involve a live

case or controversy extends through all phases of litigation, including appellate

review." County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001)

(citing Khodara Envtl., Inc., 237 F.3d at 193; Lewis v. Continental Bank Corp., 494

U.S. 472 (1990)).

In Spencer, the United States Supreme Court concluded that a petition for

writ of habeas corpus challenging a revocation of parole was moot because the

petitioner had "completed the entire term of imprisonment underlying the parole

revocation." Spencer v. Kemna, 523 U.S. 1, 3 (1998). The Court stated that, once

the term of confinement expires, some "collateral consequence" of that conviction

or confinement must exist if the suit is to be maintained. Id. at 7. The Court found

that Spencer's purported injuries[3] were insufficient to establish a collateral

consequence, and therefore affirmed the dismissal of Spencer's appeal as moot. Id.

at 14-18.

Similarly, Garcia's petition for writ of habeas corpus has been rendered moot

by virtue of his release from custody and his failure to establish a concrete and

continuing injury. Garcia has completed his term of imprisonment and there are no

injuries constituting a cognizable collateral consequence. See United States v.

Williams, 373 F. App'x 186 (3d Cir. 2010) (finding that the prisoner's release from

---

[3] Spencer asserted four concrete injuries, namely, that the parole revocation could be used: (1) against him in future parole proceedings, (2) to increase his sentence in future sentencing proceedings, (3) to impeach him should he appear as a witness or litigant in a future judicial proceeding, or (4) against him directly in a future criminal proceeding. Spencer, 523 U.S. at 14-16.

confinement mooted his appeal from the order revoking his supervised release);

United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002) ("[O]nce a litigant is

unconditionally released from criminal confinement, the litigant must prove that he

or she suffers a continuing injury from the collateral consequences attaching to the

challenged act."); Graves v. Holt, 2008 WL 2224889, *9 (M.D. Pa. 2008) (a petition for

habeas corpus becomes moot when a prisoner is released on parole before the court

addresses the merits where being paroled leaves no relief possible) (citing Cox v.

McCarthy, 829 F.2d 800, 802-03 (9th Cir. 1987)).  As there is no longer a live case or

controversy, and Garcia received the relief he requested, namely release or release

on parole, the habeas petition will be dismissed as moot.

## III.    Conclusion

Based on the foregoing, the petition (Doc. 1) for writ of habeas corpus filed by

petitioner Gerard Garcia will be dismissed as moot.  An appropriate Order follows.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:      April 28, 2016